UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESSIE LYNN STEVENS,<br>Plaintiff,<br>v.<br>UNITED STATES,<br>Defendant. | Case No. 18-cv-05517-RS (PR)<br><br>**ORDER REOPENING ACTION;**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**INTRODUCTION**

This federal tort suit action is REOPENED. After reviewing the allegations under 28 U.S.C. § 1915A(a), the Court concludes that plaintiff states claims for relief, but she must state those claims on the proper form. Accordingly, the operative complaint is DISMISSED with leave to file an amended complaint on the appropriate form. The amended complaint shall be filed on or before **February 18, 2019**.

**BACKGROUND**

This suit was dismissed because plaintiff failed to file an amended complaint by the deadline. The Court since has received an amended complaint from plaintiff. Accordingly, the action is REOPENED. The Clerk is directed to modify the docket to reflect this. The judgment and the order of dismissal are VACATED.

**BACKGROUND**

Plaintiff, a federal prisoner, alleges that she was injured during a prison transport owing to federal marshal(s) failing to assist her as she entered the vehicle. Her first complaint was dismissed with leave to amend because (i) it appeared that her claims had not been exhausted; and (ii) she had not identified the tortfeasor properly. Her amended

complaint under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

### B. Legal Claims

The FTCA provides that district courts have exclusive jurisdiction over civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b). The United States is only liable "if a private person[] would be liable to the claimant in accordance with the law of the place where the act or omission

occurred." *Id.*; 28 U.S.C. § 2674. Put another way, the United States waives sovereign immunity only under circumstances where local law would make a private person liable in tort. *United States v. Olson*, 546 U.S. 43 (2005). The FTCA expressly bars claims for intentional torts such as assault, battery, false imprisonment, false arrest and malicious prosecution. *Wilson v. Drake*, 87 F.3d 1073, 1076 (9th Cir. 1996) (citing 28 U.S.C. § 2680(h)).

Plaintiff has stated a federal tort claim in her first amended complaint. That claim must appear on the appropriate form, copies of which will be sent to her. Accordingly, the amended complaint is DISMISSED with leave to file an amended complaint.

## CONCLUSION

The first amended complaint is DISMISSED with leave to file a second amended complaint on or before **February 18, 2019.** The new complaint must include the caption and civil case number used in this order (18-05517 RS (PR)) and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in her amended complaint all the claims she wishes to present and all of the defendants she wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). She may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

The Clerk is directed to reopen this action. The judgment and the order of dismissal are VACATED.

**IT IS SO ORDERED.**

**Dated:** January _3_, 2019

_____
RICHARD SEEBORG
United States District Judge